MAILED TO PLTF COUNSEL 9/8

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
ROBERT MANDELL,                     :   07 Civ. 6868 (LAP)
                                    :
          Plaintiff,                :
                                    :   ORDER
    vs.                             :
                                    :
REGIONAL DIRECTOR, et al.,          :
                                    :
          Defendants.               :
------------------------------------x

LORETTA A. PRESKA, United States District Judge:

Plaintiff Robert Mandell brings this action pro se for damages stemming from his eviction from certain offices in Clifton, New Jersey, in December 2006. (See generally Compl.)[1] Defendants Regional Director, Region II, and United States Department of Health & Human Services ("HHS") move to dismiss the complaint for lack of subject matter jurisdiction. For the reasons set forth below, the motion is granted.

According to the complaint, Dr. Myrna Tagayun formerly operated a medical practice where Plaintiff served as the custodian of this practice's medical records. (Compl. at 1-2.) Plaintiff alleges that he and Tagayun were evicted from the office and that, as a result, certain medical records were out of his control allegedly in violation of the Health Insurance Portability and Accountability Act ("HIPAA"). (Id. at 1, 4.)

---

[1] The Complaint (dkt. no. 1) does not contain numbered paragraphs and so will be cited by page number.

Mandell does not allege that HHS or any of its officers had any responsibility to prevent the eviction. His only allegation relating to HHS at all is that he called HHS to provide assistance in recovering the medical files and was told that they could provide no assistance. (Id. at 1, 3.) Based on this interaction, he seeks to enjoin HHS from taking any enforcement action as a result of the eviction (id. at 7) and a declaratory judgment that Mandell has a "preemptive right of sole custodianship" of the medical records, (id.).

The allegations against HHS, however, are insufficient to demonstrate that jurisdiction exists. See Blockbuster, Inc. v. Galeno, 472 F.3d 53, 77 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction"). As for the injunctive claim, the complaint does not allege that HHS has threatened to take enforcement action against him or given any indication that it plans to do so. Because Mandell's "subjective fear" of enforcement is insufficient to meet the injury in fact requirement of Article III, see Port Washington Teachers' Ass'n v. Bd. of Educ., 478 F.3d 494, 501 (2d Cir. 2007), he does not have standing to obtain injunctive relief. The claim for the declaratory judgment fails because nothing in the complaint suggests that there is a "substantial controversy" between these parties. See Medimmune, Inc. v. Genetch, Inc. 127 S. Ct. 764,

771 (2007) ("[T]he facts alleged, under the circumstances, [must] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment").

Therefore, the motion to dismiss (dkt. no. 12) is GRANTED. The remaining Defendants shall notify the Court by letter of the status of this action no later than September 15, 2008.

SO ORDERED:

Dated:   New York, New York
         September 8, 2008

_____
LORETTA A. PRESKA, U.S.D.J.